**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4568**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

THOMAS WALLY HAYES,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, Chief District Judge.  (2:06-cr-00010)

———————

Submitted:  July 7, 2009           Decided:  July 20, 2009

———————

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Matthew A. Victor, VICTOR VICTOR & HELGOE, LLP, Charleston, West Virginia, for Appellant.  Julia C. Dudley, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Wally Hayes appeals his conviction and 240-month sentence for conspiracy to distribute oxycodone, in violation of 21 U.S.C. § 841 (2006), and the district court's denial of his motion for new trial. We affirm.

## I. Sufficiency of the Evidence

Hayes argues that the evidence was not sufficient to support his conviction because the case against him consisted solely of witness testimony. He contends that the testimony of two witnesses for the Government, Randall and Wesley Middleton, was discredited by testimony by two inmates at the city jail in Roanoke, Virginia, Roger Crowder and Steve Knapp. Crowder and Knapp testified that Randall Middleton told them he had never met or bought drugs from Hayes, contrary to Middleton's testimony that he bought oxycodone directly from Hayes on two occasions, and that he acknowledged providing erroneous testimony against Hayes in order to get his own sentence reduced.

When a defendant challenges the sufficiency of the evidence, we consider whether substantial evidence, viewed in the light most favorable to the Government, supports the jury's verdict. Burks v. United States, 437 U.S. 1, 17 (1978); United States v. Stewart, 256 F.3d 231, 249 (4th Cir. 2001).

2

"[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (citations omitted). We do not review the credibility of witnesses and assume the jury resolved all contradictions in the testimony in favor of the Government. United States v. Sun, 278 F.3d 302, 313 (4th Cir. 2002).

The jury had the opportunity to compare the credibility of the Government's witnesses to that of Crowder and Knapp, and we will not review its determination. Assuming, as we must, that the jury found the Government's witnesses to be more credible, their testimony was sufficient to support a conclusion of Hayes' guilt beyond a reasonable doubt.

II. Denial of Motion for New Trial

Hayes argues that the district court erred in denying his motion for new trial because the prosecutor's characterization of his role in the conspiracy as "the top of the food chain" during closing arguments, and a witness's reference to his participation in cockfighting, were unduly prejudicial.

A district court may grant a defendant's motion for a new trial "if the interest of justice so requires." Fed. R.

3

Crim. P. 33(a). A district court "'should exercise its discretion to grant a new trial sparingly,' and . . . should do so 'only when the evidence weighs heavily against the verdict.'" United States v. Perry, 335 F.3d 316, 320 (4th Cir. 2003) (quoting United States v. Wilson, 118 F.3d 228, 237 (4th Cir. 1997). This court reviews the denial of a Rule 33 motion for abuse of discretion. United States v. Adam, 70 F.3d 776, 779 (4th Cir. 1995).

The district court did not abuse its discretion in denying Hayes' motion for new trial. As discussed above, the evidence did not weigh heavily against the verdict, and it is unlikely that Hayes was prejudiced by either the prosecution's characterization of his role in the conspiracy or the witness's reference to cockfighting. The characterization of Hayes' role was entirely supported by the evidence that he supplied oxycodone to several witnesses, who in turn distributed the drug to others. The description of Hayes' participation in cockfighting was not extensive and did not prejudice Hayes, in light of the substantial evidence that supported the jury's verdict.

III. Reasonableness of Sentence

Hayes argues that the district court did not adequately consider the factors set forth in 18 U.S.C. § 3553(a)

(2006), other than his criminal history, in determining his sentence.

After United States v. Booker, 543 U.S. 220 (2005), we review a sentence for reasonableness, and "whether inside, just outside, or significantly outside the Guidelines range," we apply a "deferential abuse of discretion standard." Gall v. United States, 552 U.S. 38, ___, 128 S. Ct. 586, 591 (2007). We first must "ensure that the district court committed no significant procedural error." Id. at 597. Only if the sentence is procedurally reasonable can we evaluate the substantive reasonableness of the sentence, again using the abuse of discretion standard of review. Id.; see also United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). In our determination of whether the district court committed any significant procedural error, we look to any failure in the calculation (or the improper calculation) of the Guidelines range, the treatment of the Guidelines as mandatory, the failure to consider the § 3553(a) factors, the selection of a sentence using clearly erroneous facts, and any failure to adequately explain the chosen sentence and any deviation from the advisory Guidelines range. Gall, 128 S. Ct. at 597. We must also ensure the district court satisfied its obligation to "make an individualized assessment based on the facts presented" when rendering a sentence, id., applying the relevant § 3553(a)

5

factors to the specific circumstances of the case and the defendant, and "state in open court" the particular reasons supporting its chosen sentence. Carter, 564 F.3d at 328; see also 18 U.S.C. § 3553(c) (2006). A brief statement of the reasons suffices under § 3553(c)(1). Rita v. United States, 127 S. Ct. 2456, 2468-69 (2007).

The district court did not abuse its discretion in sentencing Hayes to 240 months' imprisonment, the high end of the advisory guidelines range. The district court did not fail to consider the § 3553(a) factors as they related to the arguments made at sentencing. The Government argued for a sentence at the high end of the guidelines range based upon Hayes' extensive criminal history, and Hayes argued for a lower sentence based upon the shorter sentences given to his co-conspirators. The court chose to sentence Hayes at the high end of the guidelines range based upon his criminal history, rejecting his argument in favor of the Government's argument. The court's statement of its reasons for imposing the sentence, although succinct, was sufficient under § 3553(c)(1).

For the reasons stated above, we affirm the judgment of the district court and the denial of Hayes' motion for new trial. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

6

before the court and argument would not aid the decisional process.

AFFIRMED